Cite as: 589 U. S. \_\_\_\_ (2020)          1

# SUPREME COURT OF THE UNITED STATES

DARRELL PATTERSON *v.* WALGREEN CO.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 18–349.   Decided February 24, 2020

The petition for a writ of certiorari is denied.

JUSTICE ALITO, with whom JUSTICE THOMAS and JUSTICE GORSUCH join, concurring in the denial of certiorari.

The petition in this case raises important questions about the meaning of Title VII's prohibition of employment discrimination "because of . . . religion." 78 Stat. 255, 42 U. S. C. §§2000e–2(a)(1) and (2). For this reason and because of the Government's responsibility to enforce Title VII, we asked for the views of the Solicitor General regarding review in this case, and the Solicitor General's response to our request is helpful.

I agree with the most important point made in that brief, namely, that we should reconsider the proposition, endorsed by the opinion in *Trans World Airlines, Inc.* v. *Hardison*, 432 U. S. 63, 84 (1977), that Title VII does not require an employer to make any accommodation for an employee's practice of religion if doing so would impose more than a *de minimis* burden. Title VII prohibits employment discrimination against an individual "because of such individual's . . . religion," §§2000e–2(a)(1) and (2), and the statute defines "religion" as "includ[ing] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is *unable to reasonably accommodate* to an employee's or prospective employee's religious observance or practice *without undue hardship* on the conduct of the employer's business." §2000e(j) (emphasis

added). As the Solicitor General observes, *Hardison*'s reading does not represent the most likely interpretation of the statutory term "undue hardship"; the parties' briefs in *Hardison* did not focus on the meaning of that term; no party in that case advanced the *de minimis* position; and the Court did not explain the basis for this interpretation. See Brief for United States as *Amicus Curiae* 19–21. I thus agree with the Solicitor General that we should grant review in an appropriate case to consider whether *Hardison*'s interpretation should be overruled.*

The Solicitor General also agrees that two other issues raised in the petition are important, specifically, (1) whether Title VII may require an employer to provide a partial accommodation for an employee's religious practices even if a full accommodation would impose an undue hardship, and (2) whether an employer can show that an accommodation would impose an undue hardship based on speculative harm. But the Solicitor General does not interpret the decision below as turning on either of those questions. While I am less sure about this interpretation, I agree in the end that this case does not present a good vehicle for revisiting *Hardison*. I therefore concur in the denial of certiorari, but I reiterate that review of the *Hardison* issue should be undertaken when a petition in an appropriate case comes before us.

---

*In addition, as JUSTICE THOMAS has pointed out, *Hardison* did not apply the current form of Title VII, but instead an Equal Employment Opportunity Commission guideline that predated the 1972 amendments defining the term "religion." *EEOC* v. *Abercrombie & Fitch Stores*, *Inc.*, 575 U. S. 768, 787, n. (2015) (opinion concurring in part and dissenting in part).